06-2885ghmHuddlestonDism.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS WAYNE HUDDLESTON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2885 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Curtis Wayne Huddleston, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging the absence of certain findings in his written notice denying mandatory supervised release. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the reasons shown below, this petition will be dismissed with prejudice.

Petitioner was convicted of burglary of a habitation in 2005 and sentenced to five years incarceration. He complains that on April 7, 2006, the Texas Board of Pardons and Paroles denied his release to mandatory supervision. The Board's written notice of the denial stated as follows:

> After a review of your case, the [Board's] decision is not to grant you Mandatory Release and has marked your case as a Denied Mandatory Supervision. Your next review date has been set for 04/2007.

You have been denied Mandatory Supervision Release for the reason(s) listed below[.]  One or more components indicated in each paragraph listed below may apply, but only one is required.

1D.   THE RECORD INDICATES THAT THE INMATE HAS REPEATEDLY COMMITTED CRIMINAL EPISODES OR HAS A PATTERN OF SIMILAR OFFENSES THAT INDICATES A PREDISPOSITION TO COMMIT CRIMINAL ACTS WHEN RELEASED; OR THE RECORD INDICATES THAT THE INMATE IS A LEADER OR ACTIVE PARTICIPANT IN GANG OR ORGANIZED CRIMINAL ACTIVITY; OR THE RECORD INDICATES A JUVENILE OR AN ADULT ARREST OR INVESTIGATION FOR FELONY AND MISDEMEANOR OFFENSES.

10D.   OTHER – 10D – CRIMINAL HISTORY.

Petitioner asserts that under section 508.149 of the Texas Government Code,

(b)   an inmate may not be released to mandatory supervision if a parole panel determines that:

(1)   the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and

(2)   the inmate's release would endanger the public.

(c)   A parole panel that makes a determination under Subsection (b) shall specify in writing the reasons for the determination.

Petitioner alleges that because the Board's denial notice failed to include the two findings required by section 508.149(b)(1) and (2), he was denied federal due process and is entitled to immediate release.  Petitioner argues not that the Board failed to make a determination under subparts (b)(1) and (2), but that it failed to reduce that determination to writing in his denial notice.  Thus, the issue before this Court is whether the Board's failure

2

to include in the denial notice written findings under subparts (b)(1) and (2) raises a viable claim for violation of petitioner's federal due process rights.

The Fifth Circuit has held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a constitutional expectancy of early release to eligible inmates. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). The Fifth Circuit has yet to rule on whether a federal constitutional expectancy of early release exists under the revised statute, but the Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice of the month and year that he will be considered for mandatory supervision release and a meaningful opportunity to be heard. *See Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Ex parte Geiken*, 28 S.W.3d at 559-60. Further, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release, but "[d]ue process does not require that the Board provide the particulars in the inmate's file upon which it rested the decision to deny release." *Id*.

Petitioner does not complain that he was denied timely notice of the hearing or a meaningful opportunity to be heard. Even if this Court were to assume that petitioner has raised a viable federal due process issue, he alleges no violation in fact. Any "written findings" required by section 508.149 relate not to the Board's determination under subpart (b), but to the Board's *reasons* for that determination, under subpart (c). The Board

3

complied with section 508.149 by specifying in writing the following reasons for determining application of subpart (b)(1): a criminal history that indicated a predisposition to criminal activity; his active participation in gang or organized criminal activities; or arrests or investigations for criminal offenses.[1]  Petitioner shows neither a violation of the state statute nor a denial of his federal due process rights.

Accordingly, this petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.  Any and all pending motions are **DENIED AS MOOT**.  Petitioner has not made a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.

---

[1] That the "determination" under subpart (b) is not a "reason for the determination" under subpart (c) required to be in writing is reflected in the Board Directive attached to petitioner's petition, requiring that:

9. DISCRETIONARY MANDATORY SUPERVISION – For a *vote* not to release, it is necessary to *vote* both D1 and D2, along with any other reasons that may apply.
   D1   The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
   D2   The record indicates that the inmate's release would endanger the public.

(Emphasis added.)  Petitioner alleges no violation of this provision.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on September 29, 2006.

_____
Gray H. Miller
United States District Judge